**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDREY CHERBA, | No. 17-73396 |
| Petitioner, | Agency No. A071-378-762 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 13, 2020[**]
San Francisco, California

Before: HAWKINS and CHRISTEN, Circuit Judges, and GRITZNER,[***] District
Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable James E. Gritzner, United States District Judge for the
Southern District of Iowa, sitting by designation.

Andrey Cherba petitions for review of the Board of Immigration Appeals' denial of his fourth motion to reopen his removal proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252(a). Reviewing for abuse of discretion, *INS v. Abudu*, 485 U.S. 94, 107 (1988), we deny the petition.

1.      The immigration court properly exercised jurisdiction over Cherba's removal proceeding. Citing *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), Cherba argues the Board should have vacated his removal order because his Notice to Appear was defective. This argument is foreclosed by *Karingithi v. Whitaker*, 913 F.3d 115, 116 (9th Cir. 2019) ("A notice to appear need not include time and date information to . . . [meet] the regulatory requirements and . . . [vest] jurisdiction in the [Immigration Judge].").

2.      The parties do not dispute that Cherba's motion to reopen is untimely and exceeds the number of motions allowed by 8 U.S.C. § 1229a(c)(7). These bars do not apply if a motion to reopen is "based on changed country conditions arising in the . . . country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." *Id*. § 1229a(c)(7)(C)(ii).

The Board did not abuse its discretion by concluding that Cherba was not entitled to reopen his proceedings based on his argument that conditions for

2

Baptists in Ukraine have materially changed since 2011. Cherba argued that Baptists suffered persecution when Ukraine was a member of the Soviet Union, but the Soviet Union dissolved years before Cherba arrived in the United States in 1997. Cherba points to isolated incidents of present violence in Ukraine against Baptists, but does not meaningfully compare these incidents to conditions in 2011. In addition, the violence was committed by pro-Russian separatists, and in Eastern Ukraine, where Cherba does not have family.

We uphold the Board's factual findings in support of a denial of a motion to reopen if the findings are supported by substantial evidence. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). Here, substantial evidence supports the Board's conclusion that Cherba would be ineligible for asylum, even if the merits of his claim were considered. Cherba presented no evidence he was persecuted in Ukraine on account of his religion, or that he was classified as a refugee on that basis when he was admitted to the United States in 1997. *Robleto-Pastora v. Holder*, 591 F.3d 1051, 1057–58 (9th Cir. 2010); *Diaz-Torres v. Barr*, 963 F.3d 976, 981 (9th Cir. 2020). Cherba did not show a well-founded fear of persecution because he could relocate away from Eastern Ukraine. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019). The record does not compel a contrary conclusion.

The Board did not abuse its discretion by concluding Cherba was not entitled to reopening based on his argument that conditions in Ukraine have materially changed for political activists. Cherba presented no evidence of materially changed conditions for political activists. Neither Cherba's petition, nor the record, demonstrate why evidence of political persecution was unavailable in 2011. In any case, substantial evidence supports the Board's conclusion that Cherba failed to establish prima facie eligibility for asylum based on his political views. Cherba cites violence against socialist politicians and political bloggers but cites no evidence that he is similarly situated. *Najmabadi v. Holder*, 597 F.3d 983, 992 (9th Cir. 2010). Cherba offered no evidence to substantiate his claim that his Americanized appearance will cause him to be perceived by extreme nationalists as holding pro-Western political views.

Cherba also argues he is a member of two proposed social groups, "internally displaced persons," and "apparent Americans." The Board concluded neither was cognizable, and Cherba failed to show membership in either group. Cherba argues he is not presently employed in Ukraine and does not own a house or rent an apartment there. Neither are immutable traits. Cherba did not provide evidence that people with Americanized appearance, speech, and manner are targeted for violence and harm in Ukraine based on these characteristics. Cherba's

4

claim that he would be persecuted as a displaced person and "widely believed to be pro Russian" failed for a similar reason. *Knezevic v. Ashcroft*, 367 F.3d 1206, 1211–12 (9th Cir. 2004) (explaining that persons "displaced by the inevitable ravages of war" do not receive protected status). Cherba fails to show that the record compels a contrary conclusion.

3.    Substantial evidence supports the Board's conclusion that Cherba failed to establish prima facie eligibility for relief pursuant to the Convention Against Torture. Cherba does not allege he will be tortured by government officials or by Ukranian nationalists operating with government acquiescence. *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1059 (9th Cir. 2006) (citing 8 C.F.R. § 208.18(a)(1)). Cherba's argument that the Ukrainian government puts up minimal resistance to violent and incredibly dangerous conditions is insufficient. *Id.*

The Board did not abuse its discretion by denying Cherba's fourth motion to reopen his removal proceedings.

**PETITION DENIED.**

5